UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

MAXIM MARCHENKO,

Defendant.

**INFORMATION**

24 Cr. 116-NSR

**COUNT ONE**
**(Conspiracy to Commit Money Laundering)**

The United States Attorney charges:

1. From at least in or about May 2022, up to and including in or about September 2023, in the Southern District of New York and elsewhere, MAXIM MARCHENKO, the defendant, and others known and unknown, knowingly and intentionally combined, conspired, confederated, and agreed together and with each other to commit money laundering in violation of Title 18, United States Code, Section 1956(a)(2)(A).

2. It was part and an object of the conspiracy that MAXIM MARCHENKO, the defendant, and others known and unknown, would and did transport, transmit, and transfer, and attempt to transport, transmit, and transfer, a monetary instrument and funds to a place in the United States from and through a place outside the United States, with the intent to promote the carrying on of specified unlawful activity, to wit, smuggling goods from the United States, in violation of Title 18, United States Code, Section 554, as charged in Count Two of this Information.

(Title 18, United States Code, Section 1956(h).)

**<u>COUNT TWO</u>**
**(Smuggling Goods from the United States)**

The United States Attorney further charges:

3. From at least in or about May 2022, up to and including in or about September 2023, in the Southern District of New York and elsewhere, MAXIM MARCHENKO, the defendant, and others known and unknown, fraudulently and knowingly exported and sent from the United States, attempted to export and send from the United States, and caused to be exported and sent from the United States, merchandise, articles, and objects, contrary to laws and regulations of the United States, to wit, MARCHENKO unlawfully caused companies in the United States to export OLED micro-displays subject to the EAR, Title 15, Code of Federal Regulations, Parts 730–744, from the United States to Russia, contrary to Title 50, United States Code, Section 4819(a)(2)(F).

(Title 18, United States Code, Sections 554 and 2.)

## FORFEITURE ALLEGATION

4. As a result of committing the offense alleged in Count One of this Information, MAXIM MARCHENKO, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any and all property, real and personal, involved in said offense, or any property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of property involved in said offense.

5. As a result of committing the offense alleged in Count Two of this Information, MAXIM MARCHENKO, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(2)(A), any and all property constituting, or derived from, proceeds the defendant obtained directly or indirectly, as a result of the commission of said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense.

### Substitute Assets Provision

6. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third person;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Section 982;
Title 21, United States Code, Section 853; and
Title 28, United States Code, Section 2461.)

Damian Williams

DAMIAN WILLIAMS
United States Attorney